Archibald Young *et al.*, Appellants, *v.* George W. Nelson, Appellee.

APPEAL FROM WARREN.

The property of a person who designedly places himself beyond the reach of his creditors, by avoiding service of process, is subject to attachment.

This was a proceeding by attachment, which was returned served on garnishees, and property taken.

The declaration alleges partnership; that George W. Nelson, on the 15th day of October, 1858, made and delivered to the plaintiffs his promissory note bearing date on that day, whereby, eight months after the date thereof, he promised to pay to the order of the plaintiffs the sum of $920.65, at the Warren County Bank, with current rate of exchange on New York, which was, when note became due and payable, three per cent.

The declaration also contains the common counts.

The affidavit was made by George Rice, and states that he is the agent of Archibald Young, Dennis S. Hoaglan and Thomas Rutherford, and makes affidavit in their behalf. That George W. Nelson was and is indebted to plaintiff in the sum of $950, on his promissory note, given by him for goods, wares and merchandise, by them sold and delivered to him, and which remains due and unpaid; that George W. Nelson is a non-resident of the State of Illinois, and that he so conceals himself that process cannot be served upon him, and that said Nelson has property in Warren county which can be reached by attachment.

The plea alleges, that at the time in the declaration set forth, the defendant, George W. Nelson, was not a non-resident of the State of Illinois, and then did not so conceal himself that process could not be served upon him.

Trial commenced November 13th, 1860, Warren Circuit Court, and resulted in a verdict for defendant.

A motion for a new trial was denied; judgment on verdict; and appeal prayed.

The substance of the testimony given on the hearing, is stated in the opinion of the court.

The plaintiff asked the court to give the following instruction:

" 4.   It is concealment to avoid service of process, no matter whether for an hour, a day or a week; whether with a view to defraud creditors or merely to have time to make a disposition, lawful or otherwise, of his property, before his creditors got at him; it is placing himself designedly so that his creditors cannot reach him with process, which constitutes concealment under the statute; " which the court refused to do.

E. S. Smith, for Appellants.

W. C. Goudy, for Appellees.

Walker, J.   The only question which we deem necessary to consider in this record, is, whether the court erred in refusing to give the fourth of appellee's instructions.   It asserted that it is a concealment, to avoid service of process, whether for an hour, a day or a week, whether it be with a view of defrauding creditors, or only to procure time to make a disposition, lawful or otherwise, of his property, before his creditors can reach him; it is the placing himself designedly beyond the reach of his creditors, which constitutes concealment under the statute. This instruction places the concealment contemplated by the statute, upon the fact that the party has designedly evaded service of process, however short the time, and no difference

whether it was to make a legal or illegal disposition of his property.

We think if the primary object in the concealment is to evade and prevent the service of ordinary process, no difference what other object he may have, it is such a concealment as warrants the issuing the writ of attachment. Any ulterior object cannot alter the consequences of a design and effort to evade the service, which induced the concealment. This is what this instruction asserts.

But it is insisted by appellee, that although the principle announced by the instruction may be correct, yet it is in this case a mere abstract legal proposition, as it is not applicable to the evidence. The evidence shows, that appellee was called upon in the evening for payment of the demand, and notified that unless he should make payment, suit would be instituted. That during that night or the next morning, he sold out his entire stock of goods, without taking an invoice. That next morning he left, and was absent for two months. He, when called upon for payment, promised to call and see plaintiffs' attorney on the next morning, but left without doing so, or giving any notice that he designed to leave. This evidence, we think, unexplained, tended to prove a concealment, and he failed to prove that his business in any way required his absence. It was a question for the jury to determine, and that was the issue which they were then trying, whether he had concealed himself so that ordinary process could not be served upon him, and in determining that question it was proper that they should consider this and other evidence, and this instruction we think was pertinent and proper. We are therefore of the opinion that the court erred in refusing to give this instruction, and the judgment must be reversed, and the cause remanded.

*Judgment reversed.*